IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TINA RESTIVO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 3:15-CV-72 (CAR) |
| v. | : | |
| | : | |
| BANK OF AMERICA, N.A., | : | |
| a/k/a BANK OF AMERICA | : | |
| CORPORATION | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER ON MOTION TO DISMISS, MOTION TO RECUSE, MOTION TO REMAND, MOTION TO STAY WRIT OF POSSESSION, MOTION TO STRIKE, AND MOTION FOR INJUNCTIVE RELIEF**

Before the Court are Defendants Bank of America, N.A. ("BANA") and Bank of America Corporation ("BAC")'s Motion to Dismiss for Failure to State a Claim [Doc. 2], and *pro se* Plaintiff Tina Restivo's Motion to Remand [Doc. 11]; Motion for Reassignment of Case to Different Judge [Doc. 14], which the Court will construe as a Motion to Recuse; and Motions to Stay Writ of Possession, Strike Order, and Injunctive Relief [Doc. 15]. Having considered the Motions and the applicable law, Plaintiff's Motion to Recuse [Doc. 11] is **DENIED**; Plaintiff's Motion to Remand [Doc. 14] is **GRANTED**; Defendant's Motion to Dismiss [Doc. 2] is **DISMISSED** for lack of jurisdiction; and Plaintiff's Motions to Stay Writ of Possession, Strike Order, and Injunctive Relief [Doc. 15] are **MOOT**.

**BACKGROUND**

This case arises out of a dispossessory action in the Magistrate Court of Walton County, Georgia (the "Magistrate Court"). This is now the third case this Court has addressed involving Defendants' dispossessory action against Plaintiff. This action stems from Defendants' 2012 non-judicial foreclosure sale of Plaintiff's property located at 1020 Bradley Gin Lane, Monroe, Georgia 30626 (the "Property"). Thereafter, BANA filed a dispossessory action in the Magistrate Court, seeking to remove Plaintiff from the foreclosed Property. Plaintiff removed that action to this Court, *Bank of America, N.A. v. Restivo*, 3:12-CV-140(CAR), claiming the Court had federal question jurisdiction and supplemental jurisdiction. This Court disagreed and, on March 5, 2013, remanded to the Magistrate Court for lack of subject matter jurisdiction.[1] On March 18, 2013, the Magistrate Court issued BANA a writ of possession.[2] Plaintiff did not appeal the Magistrate Court's order.

Instead, on October 18, 2013, Plaintiff filed a new cause of action in the Superior Court of Walton County, claiming wrongful foreclosure and attacking the initial dispossessory action.[3] Defendants removed the case to this Court, *Restivo v. Bank of America Corporation*, 3:13-CV-128(CAR), based upon diversity jurisdiction. On June 9,

---

[1] *Bank of America, N.A. v. Restivo*, 3:12-CV-140(CAR), [Doc. 8], 2013 WL 820393, at *1-2 (M.D. Ga. March 5, 2013). Plaintiff filed a Motion for Reconsideration of that order, which was denied on April 23, 2013. Case No. 3:12-CV-140 [Doc. 14].
[2] Defs. Mtn to Dismiss, [Doc. 2-1] at 5; Pl. Compl. [Doc. 1, Ex. A].
[3] Civil File No. 1778-3.

2

2014, this Court denied Plaintiff's motion to remand because diversity jurisdiction existed and granted Defendants' motion to dismiss for failure to state a claim.[4]  On October 17, 2015, Plaintiff filed a Notice of Appeal, and on July 8, 2015, the Eleventh Circuit Court of Appeals affirmed this Court's order dismissing Plaintiff's case.[5]

On July 15, 2015, Plaintiff again filed a new cause of action – the current case – in the Superior Court of Walton County, Georgia, claiming the Magistrate Court's order granting BANA's writ of possession is void because BANA "failed to make a[] judicial appearance on the face of the record."[6]  Plaintiff's complaint seeks to vacate the Magistrate Court's judgment and requests injunctive relief until a jury trial can be held in the Superior Court.[7]  Defendants removed the case to this Court on September 15, 2015, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.[8]  Shortly thereafter, Defendants filed a Motion to Dismiss Plaintiff's claims, alleging the claims are barred by the doctrine of res judicata and collateral estoppel; the claims should be dismissed pursuant to Federal Rule of Civil Procedure 8(a) for failure to provide a short, plain statement of the claim showing that the Plaintiff is entitled to any relief; and the claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be

---

[4] *Restivo v. Bank of America Corp.,* 3:13-CV-128(CAR), [Doc. 18] (M.D. Ga. June 9, 2014).  Before Plaintiff filed an appeal she filed a Motion to Vacate that judgment, which the Court denied on October 10, 2014. *Id.* at [Doc. 25].
[5] *Restivo v. Bank of America Corp.,* 618 F. App'x 537, 538 (11th Cir. 2015) (per curiam).
[6] Pl. Compl., [Doc. 1] at 6.
[7] *Id.* at 7.
[8] Notice of Removal, [Doc. 1] at 1.

granted.[9]  On July 30, 2015, Plaintiff filed a Motion to Remand for lack of subject matter jurisdiction.[10]  Plaintiff has since filed a Motion to Recuse, Motion to Stay Writ of Possession, Motion to Strike, and Motion for Injunctive Relief.  Defendants' and Plaintiff's Motions are now ripe for the Court's review.

## **DISCUSSION**

### I.     Motion to Recuse

The Court will first address Plaintiff's Motion to Recuse the undersigned from the instant action.  Plaintiff contends "reassignment is required" because the undersigned has "presided over Plaintiff's prior case[s] that are not the same material facts in this case and because [the undersigned] has personal knowledge of disputed evidentiary facts concerning the proceedings; such facts present[] circumstances to disqualify in proceeding in which impartiality might reasonably be questioned."[11]

Two federal statutes govern recusal, 28 U.S.C. §§ 144 and 455.  Although Plaintiff only identifies 28 U.S.C. § 455 as the basis for her motion, the Court will evaluate the propriety of recusal under both.

#### a.   28 U.S.C. § 144

Under 28 U.S.C. § 144, the moving party must file an affidavit stating the undersigned has a personal bias or prejudice against the plaintiff or defendant, and the

---

[9] Defs. Mtn. to Dismiss, [Doc. 2] at 1.
[10] Pl. Mtn. to Remand, [Doc. 11] at 1.
[11] Pl. Mtn. for Reassignment of Case to Different Judge, [Doc. 14] at 1-2.

affidavit must provide facts and reasons for the belief that bias or prejudice exists.[12]  To warrant recusal, "the moving party must allege facts that would convince a reasonable person that bias actually exists."[13]

In this case, Plaintiff moved for an order of recusal but did not file an affidavit.  The statute's requirements are strictly enforced, and even *pro se* litigants are not excused from this simply because they are proceeding without counsel. [14]  Thus, Plaintiff has failed to comply with the procedural requirements and is not entitled to relief under section 144.

Assuming *arguendo* Plaintiff had satisfied all the procedural requirements of section 144, Plaintiff's factual allegations are insufficient to show personal bias.  "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[15]  Here, Plaintiff only alleges the undersigned's personal bias and prejudice stems from Plaintiff's past, unsuccessful suits before the Court.  Because Plaintiff has failed to state any "extrajudicial source" as a reason for the alleged bias, recusal is not warranted under section 144.

### b. 28 U.S.C. § 455

Plaintiff explicitly bases her request for recusal on 28 U.S.C. §§ 455(a) and (b)(1).

---

[12] 28 U.S.C. § 144.
[13] *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (per curiam).
[14] *See United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) (finding the court did not abuse its discretion by denying the litigants *pro se* motion for recusal under 28 U.S.C. § 144 because the affidavit did not meet the procedural requirements).
[15] *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[16]  The standard under subsection (a) is objective and requires the court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."[17]  Plaintiff only argues "reassignment is required" because the undersigned presided over Plaintiff's prior cases and made final judgments against Plaintiff.  Plaintiff's arguments have no merit.

In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature."[18]  As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice.[19]  Plaintiff's Motion does not provide any evidence of a personal, non-judicial bias, nor does she state with specificity any impartiality in the previous proceedings that would demonstrate pervasive bias or prejudice.  Recusal under section 455(a) is not warranted simply because the Court previously ruled against Plaintiff.

---

[16] 28 U.S.C. § 455(a).
[17] *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted) (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)).
[18] *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citations omitted); *see McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case.")
[19] *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion.");

28 U.S.C. § 455(b) provides specific circumstances for disqualification, including where a federal judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[20]  "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'"[21]  Plaintiff fails to state the undersigned has knowledge of any specific "disputed evidentiary facts," but instead, merely suggests this is true because of the involvement in earlier actions.  However, any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal.[22]  Similar to the section 455(a) analysis, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal.  No such knowledge exists here.  Thus, the Court finds no reason to disqualify itself from deciding the issues in this case.  Plaintiff's Motion to Recuse is **DENIED**.

## II. Motion to Remand

Having determined recusal is not warranted, the Court now addresses Plaintiff's Motion to Remand and by extension Defendants' Motion to Dismiss.  Defendants removed this case to federal court based on the Court's purported diversity jurisdiction and subsequently filed a motion to dismiss.  The Court, however, lacks subject matter

---

[20] 28 U.S.C. § 455(b)(1).
[21] *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)).
[22] *United States v. Bailey,* 175 F.3d 966 (11th Cir. 1999).

jurisdiction over this case under the *Rooker-Feldman*[23] doctrine and, therefore, remands the case to the Superior Court of Walton County, Georgia.

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."[24]  In *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, the Supreme Court held that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[25]  Although Plaintiff did not bring this suit in federal court, she is still the "state-court loser" seeking to have a state court's decision overturned.  "When a case is removed to federal district court under original jurisdiction 'the federal court takes it as [though] everything done in the state court had in fact been done in the federal court.'"[26]  Thus, the Court will analyze Plaintiff's Complaint as if she filed it in federal court.

Here, Plaintiff's Complaint alleges the Magistrate Court did not have authority to enter a judgment against her because Defendants did not make an appearance on the

---

[23] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986).
[24] *Lance v. Dennis*, 546 U.S. 459, 463 (2006).
[25] 544 U.S. 280, 284 (2005).
[26] *Ware v. Fleetboston Financial Corp.*, 180 F. App'x 59, 63-64 (11th Cir. 2006) (per curiam) (quoting *Savell v. S. Ry. Col.*, 93 F.2d 377, 379 (5th Cir. 1937)).

record.[27]  Plaintiff also seeks injunctive relief and demands a jury trial.[28]  Ultimately, Plaintiff requests the Court set aside the Magistrate Court's judgment, and therefore, the Complaint is a *de facto* appeal of the Magistrate's order issuing a writ of possession to the Defendants.  This type of claim is precluded by the *Rooker-Feldman* doctrine because it would require "review and rejection" of a state court's judgment; thus, the Court lacks subject matter jurisdiction over this case.[29]  Accordingly, Plaintiff's Motion to Remand is granted, Defendants' Motion to Dismiss is dismissed for lack of jurisdiction, and Plaintiff's remaining Motions are moot.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Recuse [Doc. 14] is **DENIED;** Plaintiff's Motion to Remand [Doc. 11] is **GRANTED**; Defendants' Motion to Dismiss [Doc. 2] is **DISMISSED** for lack of jurisdiction; and Plaintiff's Motion to Stay Writ of Possession, Motion to Strike Order, and Motion for Injunctive Relief [Doc. 15] are **MOOT**.  This case is hereby **REMANDED** to the state forum for further proceedings.  The Clerk of

---

[27] Plaintiff states only counsel for Defendants was present at the Magistrate Court's hearing, and Defendants failure to also show up was a failure to make an appearance on the record.  Pl. Compl., [Doc. 1-1] at 4.

[28] The Court cannot grant such relief because it would violate the Anti-Injunction Act. 28 U.S.C. § 2283; *see Estate of Bamberg v. Regions Bank*, No. 1:14-cv-01960-JEC, 2014 WL 2957815, at *4 (N.D. Ga. June 30, 2014).

[29] *See Chirstophe v. Morris*, 198 F. App'x 818, 825 (11th Cir. 2006) ("to the extent that Christophe's complaint was construed as a challenge to the state court's ruling that she violated her lease, and therefore, that the landlord was legally permitted to an order of dispossession, the district court properly dismissed the complaint under the *Rooker-Feldman* doctrine."); *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004), *as amended on Denial of Rehearing and Suggestion for Rehearing En Banc*, Aug. 3, 2004, ("Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry" under the Rooker-Feldman Doctrine.).

the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the Superior Court of Walton County, Georgia, Civil Case No. 15-0971-3.

**SO ORDERED,** this 8th day of February, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

CML/ssh